UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA

WANDA KOEHN,

    Plaintiff,

v.                                    Case No.: 8:20-cv-00385-CEH-CPT

GLORY DAYS, INC., d/b/a
GLORY DAYS GRILL, a foreign
for-profit corporation,

    Defendant.
_____/

## JOINT MOTION FOR ENTRY OF
## FINAL CONSENT DECREE AND ORDER

      Plaintiff WANDA KOEHN and Defendant, GLORY DAYS, INC., respectfully move for entry of the proposed Consent Decree and Order attached respectively as Exhibits "A" and "B". The proposed Order (Exhibit "B") may be entered at this time without hearing. The parties to this matter have agreed to settle the case and consented to entry of the proposed Order without further notice to any party or other proceedings. No party has requested a hearing.

      I hereby certify in accordance with Local Rule 3.01(g) of the United States District Court for the Middle District of Florida that the attorneys of record have agreed to this motion.

      WHEREFORE, the Defendant moves this Court to enter the Proposed Order.

                                      Respectfully submitted,
                                      LEWIS BRISBOIS BISGAARD & SMITH LLP

                                      ***/s/ David S. Harvey, Jr.***
                                      DAVID S. HARVEY, JR.
                                      Florida Bar Number 984043
                                      Email: david.harvey@lewisbrisbois.com;
                                      flcourtmail@lewisbrisbois.com
                                      joy.vandendooren@lewisbrisbois.com
                                      401 East Jackson Street, Suite 3400
                                      Tampa, Florida 33602
                                      Phone: 813.739.1900; Fax: 813.739.1919
                                      Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on June 2nd, 2020, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify the foregoing document is being served this day on all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing system and via email at the following addresses: duranandassociates@gmail.com and rhannah@rhannahlaw.com.

                                                          */s/ David S. Harvey, Jr.*
                                                          Attorney

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Case No. 8:20:00385-CEH-CPT

---------------------------------------------------------------X
WANDA KOEHN,

                                             Plaintiff,

    -against-

GLORY DAYS, INC., d/b/a
GLORY DAYS GRILL, a foreign
for-profit corporation,

                                             Defendant.
---------------------------------------------------------------X

## CONSENT DECREE

1. This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 9, by and between the following parties: Plaintiff Wanda Koehn ("Plaintiff") and Defendant Glory Days, Inc., d/b/a Glory Days Grill, a foreign for-profit corporation ("Defendant"). Plaintiff and Defendant are collectively referred to as the "Parties" for the purposes and on the terms specified herein.

## RECITALS

2. Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181-12189 (the "ADA"), and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations by any private entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

**EXHIBIT "A"**

3. On or about February 20, 2020, Plaintiff filed this action in the United States District Court for the Middle District of Florida originally captioned <u>Wanda Koehn v. MVP LRS Brandon, LLC,</u> which was later amended on March 25, 2020 to <u>Wanda Koehn v. Glory Days, Inc.</u>

(the "Action"). Plaintiff alleges that Defendant's website, www.glorydaysgrill.com, and mobile applications (together, the "Website") are not fully accessible to individuals with disabilities in violation of Title III of the Americans with Disabilities Act of 1990 ("ADA") and the ADA Amendments Act of 2008, 42 U.S.C. §12101 ("ADAAA").

4. Defendant expressly denies that the Website violates any federal, state or local law, including the ADA and the ADAAA, and it denies any other wrongdoing or liability whatsoever. By entry into this Consent Decree, Defendant does not admit any wrongdoing.

5. Defendant expressly denies that Glory Days, Inc. is, or is required to be, registered to do business in the State of Florida, that it owns or operates any restaurant in the State of Florida, or that it operates or controls the restaurant at 11310 Causeway Blvd., Brandon, Florida; and asserts that pursuant to Section 607.1501 of the Florida Business Corporation Act, Defendant's "maintaining, defending, mediating, arbitrating, or settling" this proceeding does not constitute transacting business in the State of Florida.

6. This Consent Decree resolves, settles, and compromises all issues between the Parties in the Action.

## JURISDICTION

6. Plaintiff alleges that Defendant is a private entity that owns and/or operates the Website which is available through the internet to personal computers, laptops, mobile devices, tablets, and other similar technology. Plaintiff contends that the Website is a service,

privilege, or advantage of a place of public accommodation subject to Title III of the ADA. 42 U.S.C. §12181(7); 12182(a). Defendant denies that the Website is a public accommodation or that it is a place of public accommodation or otherwise subject to Title III of the ADA and/or the ADAAA.

7. This Court has subject matter jurisdiction over the Action under 28 U.S.C. § 1331 and 42 U.S.C. § 12188. The Parties agree that for purposes of the Action and this Consent Decree venue is appropriate.

## AGREED RESOLUTION

8. Plaintiff and Defendant agree that it is in the Parties' best interest to resolve the Action on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in Plaintiff's Complaint. In resolution of this Action, the Parties hereby AGREE to the following:

## DEFINITIONS

9. Effective Date means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court. Reasonable Efforts means, with respect to a given goal or obligation, the commercially reasonable efforts that a reasonable person or entity in Defendant's position would use to achieve that goal or obligation, taking into account such factors as the cost of such efforts compared to the benefit to be obtained. Any disagreement by the Parties as to whether Defendant has used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in paragraphs 14 through 17 of this Consent Decree. Reasonable Efforts shall be interpreted so as to not require Defendant to undertake efforts the cost, difficulty or impact

on the Website of which could constitute an undue burden, as defined in Title III of the ADA but as applied solely to the Website - as though the Website were a standalone business entity, or which efforts could result in a fundamental alteration in the manner in which Defendant operates the Website - or the primary functions related thereto, or which could result in a loss of revenue or traffic on its Website-related operations.

## TERM

11. The term of this Consent Decree shall commence as of the Effective Date and remain in effect for the earlier of: (1) 36 months from the Effective Date; or (b) the date, if any, that the United States Department of Justice adopts regulations for websites under Title III of the ADA.

## GENERAL NONDISCRIMINATION REQUIREMENTS

12. Pursuant to the terms of this Consent Decree, Defendant:

    a. shall not deny persons with a disability (as defined under the ADA), including the Plaintiff, the opportunity to participate in and benefit from the goods, services, privileges, advantages, and accommodations through the Website as set forth herein. 42 U.S.C. §12182(b)(1)(A)(i); 28 C.F.R. § 36.202(a);

    b. shall use Reasonable Efforts to provide persons with a disability (as defined under the ADA), including Plaintiff, an equal opportunity to participate in or benefit from the goods, services, privileges, advantages, and accommodations provided through the Website as set forth herein. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.202(b); and

    c. shall use Reasonable Efforts to ensure that persons with a disability

(as defined under the ADA), including Plaintiff, are not excluded, denied services, segregated, or otherwise treated differently because of the absence of auxiliary aids and services, through the Website as set forth herein. 42 U.S.C. § 12182(b)(2)(A)(iii); 28 C.F.R. § 36.303.

## COMPLIANCE WITH TITLE III OF THE ADA

13.　Web Accessibility Conformance Timeline: Defendant shall ensure full and equal enjoyment of the goods, services, privileges, advantages, and accommodations provided by and through the Website (including all pages therein), including websites (including all pages therein and linked to therefrom) that can be navigated to from the Website or which when entered reroute to the Website (collectively the "Websites"), according to the following timeline and requirements provided that the following dates will be extended in the instance that the Department of Justice issues regulations for websites under Title III of the ADA while this Consent Decree is in effect and which contain compliance dates and/or deadlines further in the future than the dates set forth herein:

　　a.　Within 18 months of the Effective Date, Defendant shall modify the Websites as needed to substantially conform to the Web Content Accessibility Guidelines 2.0 and/or Web Content Accessibility Guidelines 2.1 Level A and AA Success Criteria to the extent determined to be applicable, or any other WCAG guidelines deemed to be applicable, in such a manner so that the Websites will be accessible to persons with vision disabilities.

　　b.　The Parties acknowledge that Defendant's obligations under this Consent Decree do not include: (i) substantial conformance with WCAG standards for user-generated content and/or other content or advertisements and/or websites that Defendant

does not own, operate, prepare or control but that are linked from the Websites (including, but not limited to, any content/websites hosted by third parties and implemented on the Website), or Smartphone applications ("Apps") for delivery or pick-up of orders by customers, where the Defendant maintains menus on the site but which the Defendant does not own and program ; and (ii) the provision of narrative description for videos. The Parties also agree that if the U.S. Department of Justice or a Court with jurisdiction over this matter determines that the WCAG standards or any successor standard that Defendant may have utilized are not required by applicable law, Defendant may choose, in Defendant's sole discretion, to cease the remediation efforts described above.

    c.    In achieving such conformance, Defendant may, among other things, rely upon, in whole or in part, the User Agent Accessibility Guidelines ("UAAG") 1.0; the Authoring Tool Accessibility Guidelines ("ATAG") 2.0; the Guidance on Applying WCAG 2.1 to Non-Web Information and Communications Technologies ("WCAG2.1ICT"), published by the Web Accessibility Initiative of the World Wide Web Consortium ("W3C"); as well as other guidance published by the W3C's Mobile Accessibility Task Force or any combination thereof. If Defendant, in reasonably relying upon any of the foregoing, fails to achieve substantial conformance with the applicable WCAG standard, Defendant will have nonetheless met its obligations.

    d.    If Defendant is unable to achieve substantial conformance with the applicable WCAG guidelines despite having used Reasonable Efforts to achieve substantial conformance, it shall be deemed to have satisfied its obligations under this Consent Decree as set forth herein regarding remediation of the Website.

## PROCEDURES IN THE EVENT OF DISPUTES

14. The procedures set forth in Paragraphs 15 through 17 must be exhausted in the event that (i) Plaintiff alleges that Defendant has failed to meet its obligations pursuant to this Consent Decree, or (ii) Defendant concludes that it cannot substantially comply with any criteria of the applicable WCAG standard as set forth hereinabove. Defendant shall not have breached this Consent Decree in connection with the foregoing until the following procedures have been exhausted.

15. If any of the Parties claim this Consent Decree or any portion of it has been violated ("breach"), the party alleging the breach shall give written notice (including reasonable particulars) of such violation to the party alleged to be in breach. Any notice of breach with respect to the Website must state with reasonable particularity why substantial conformance with the requirements set forth in Paragraph 14 have or has not been achieved. The alleged breaching party must respond to such written notice of breach no later than 30 calendar days thereafter (the "Cure Period"), unless the parties agree to extend the time for response. If the alleged breach is of a nature that it cannot be cured during the Cure Period, the Cure Period shall be deemed extended to reflect the reasonable time period in which the alleged breach can be cured. Subject to Paragraph 16 below, if the asserted breach has not been cured to provide substantial conformance with the requirements set forth in Paragraph 14 above, or otherwise resolved, during the Cure Period, or any extension thereof, the party alleging a breach of the Agreement may seek enforcement of compliance with this Agreement from the Court. The Court shall, in its discretion, award reasonable attorneys' fees and costs to the prevailing party in any such enforcement action.

16. Defendant shall not be in breach of this Consent Decree unless (a) an independent accessibility consultant determines that a particular item(s) cannot be accomplished by a person with a disability who has average screen reader competency using a prominent commercially available screen reader such as Jaws, Voiceover, or NVDA in combination with one of the following browsers (in versions of which that are currently supported by their publishers): Internet Explorer, Firefox, Safari and Chrome; and (b) Defendant fails to remedy the issue using Reasonable Efforts within a reasonable period of time of not less than 90 days from receipt of the accessibility consultant's opinion. If the accessibility consultant believes that a reasonable time using Reasonable Efforts to remedy the items found not to be usable is longer than 90 days, then the applicable Party shall have a longer time period without leave of Court so long as the extension is documented in writing, and such writing is provided to the Parties to this Consent Decree or their respective counsel. If the accessibility consultant finds that a particular item found not to be usable cannot be remedied using Reasonable Efforts, Defendant shall not be obligated to remedy that item.

17. Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing shall be in writing, provided by email (with original hard copy sent by next-day express delivery service), facsimile, or next-day (excluding Saturday and Sunday) express delivery service and addressed as follows:

      For PLAINTIFF:      Pelayo Duran, Esq.
                                     LAW OFFICE OF PELAYO DURAN, P.A.
                                     4640 N.W. 7th Street
                                     Miami, Florida 33126
                                     Tel: 305.266.9780
                                     Email: duranandassociates@gmail.com

                                     Roderick V. Hannah, Esq.
                                     RODERICK V. HANNAH, ESQ., P.A.
                                     8751 W. Broward Blvd., Suite 303

|  |  |
|---|---|
|  | Plantation, Florida 33324<br>Tel: 954.362.3800<br>Email: rhannah@rhannahlaw.com |
| For DEFENDANT: | David S. Harvey, Jr., Esq.<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>401 East Jackson Street, Suite 3400<br>Tampa, Florida 33602<br>Tel: 813.739.1927<br>Email: david.harvey@lewisbrisbois.com |

## ENFORCEMENT AND OTHER PROVISIONS

18. The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of Florida.

19. If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

## PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES

20. The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of all persons with vision disabilities who are "individuals with disabilities" as defined by the ADA, including those who utilize a screen reader to access the Website, which disabled persons shall constitute third-party beneficiaries to this Consent Decree.

21. The signatories represent that they have the authority to bind the respective parties, Plaintiff and Defendant to this Consent Decree.

## CONSENT DECREE HAS BEEN READ

22. This Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

PLAINTIFF

Dated: 05/28/2020

*Wanda koehn*

DEFENDANT
Glory Days, Inc.
By: a/b/a Glory Days Grill

Dated: 5/28/2020

By: *[signature]*, President
Title: President

APPROVED AS TO FORM AND CONTENT:

Dated: 5/28/2020

PLAINTIFF'S LAWYERS

By: *s/ Pelayo M. Duran*
Pelayo M. Duran, Esq.
LAW OFFICE OF PELAYO DURAN, P.A.
4640 N.W. 7th Street
Miami, Florida 33126
Tel: 305.266.9780
Email: duranandassociates@gmail.com

Roderick V. Hannah, Esq.
RODERICK V. HANNAH, ESQ., P.A.
8751 W. Broward Blvd., Suite 303
Plantation, Florida 33324
Tel: 954.362.3800
Email: rhannah@rhannahlaw.com

DEFENDANT'S LAWYERS

Dated: 5/29/20

By: /s/ David S. Harvey, Jr.
David S. Harvey, Jr., Esq.
LEWIS BRISBOIS BISGAARD & SMITH LLP
401 East Jackson Street, Suite 3400
Tampa, Florida 33602
Tel: 813.739.1927
Email: david.harvey@lewisbrisbois.com

## COURT APPROVAL, ADOPTION, AND ENTRY OF THE CONSENT DECREE

THE COURT, HAVING CONSIDERED the pleadings, law, underlying facts and having reviewed this proposed Consent Decree,

FINDS AS FOLLOWS:

1) This Court has jurisdiction over the Action under 28 U.S.C. § 1331 and 42 U.S.C. § 12188;

2) The provisions of this Consent Decree shall be binding upon the Parties;

3) Entry of this Consent Decree is in the public interest;

4) This Consent Decree is for settlement purposes only and does not constitute an admission by Defendant of any of the allegations contained in the Complaint or any other pleading in this Action, nor does it constitute any finding of liability against Defendant;

5) The Plaintiff is acting as a private attorney general in bringing the Action and enforcing the ADA;

6) The Court's jurisdiction over this matter shall continue for 36 months; and

7) This Consent Decree shall be deemed as adjudicating, once and for all, the merits of each and every claim, matter, and issue that was alleged, or could have been alleged by Plaintiff in the Action based on, or arising out of, or in connection with, the allegations in the Complaint.

NOW THEREFORE, the Court approves the Consent Decree and in doing so specifically adopts it and makes it an Order of the Court.

SO ORDERED:

---

CHARLENE EDWARDS HONEYWELL
UNITED STATES DISTRICT JUDGE

**EXHIBIT "B"**